UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEHROOZ MOHAZZABI,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 21-cv-04234-JST<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY; GRANTING DEFENDANT'S REQUESTS FOR JUDICIAL NOTICE, SPECIAL MOTION TO STRIKE (ANTI-SLAPP), AND MOTION TO DISMISS**<br><br>Re: ECF Nos. 16, 17 |

Before the Court is pro se Plaintiff Behrooz Mohazzabi's motion to disqualify Defense counsel Severson & Werson, ECF No. 17, and Defendant Wells Fargo Bank, N.A.'s requests for judicial notice, special motion to strike (anti-SLAPP), and motion to dismiss, ECF No. 16. The Court will deny Mohazzabi's motion to disqualify and grant Wells Fargo's requests for judicial notice, anti-SLAPP motion, and motion to dismiss.

I.  **BACKGROUND**[1]

This case stems from an allegedly unauthorized withdrawal of $20,000 from Mohazzabi's Wells Fargo bank account in 2016, Mohazzabi's unsuccessful attempts at reimbursement, and one of the many legal proceedings that followed – specifically, the workplace violence restraining order proceeding Wells Fargo won against Mohazzabi in 2020 on behalf of one of its employees.

In October 2016, Mohazzabi went to Las Vegas for vacation for several days. During his

---

[1] The facts recounted in this section are taken from Mohazzabi's complaint and many attachments. The Court takes Mohazzabi's allegations in the complaint as true, *see Scilex Pharms. Inc. v. SanofiAventis U.S. LLC*, No. 21-CV-01280-JST, 2021 WL 3417590, at *1 (N.D. Cal. Aug. 5, 2021), but recounts the factual content conveyed in the attachments – which often reflect others' allegations in other proceedings – only for context.

stay, Mohazzabi made multiple withdrawals from his Wells Fargo account totaling tens of thousands of dollars. Mohazzabi disputed one of the withdrawals as fraudulent – in the amount of $20,000 – with Wells Fargo. After investigating the claim, however, Wells Fargo concluded that there had been no fraud. In November 2016, the fraud analyst who reviewed his claim, Lorena Barba, sent Mohazzabi a letter explaining that Wells Fargo would be denying his claim for reimbursement. Barba cited three reasons for denial: (1) Mohazzabi's state-issued driver's license was used to make the withdrawal; (2) the transaction was PIN validated; and (3) a Wells Fargo banker reviewed branch video of the transaction and identified Mohazzabi as performing the transaction.

Believing that Wells Fargo's denial of his claim was improper, Mohazzabi initiated arbitration proceedings against Wells Fargo in 2019. During the arbitration proceedings, Barba submitted a declaration authenticating evidence supporting Wells Fargo's defense that Mohazzabi was not entitled to reimbursement because he had withdrawn the money himself. Mohazzabi alleged that Barba was a thief and a criminal, alleged that the evidence was fabricated, and argued that a teller had stolen the $20,000. The arbitration ended in Wells Fargo's favor in July 2020.

Two days after the arbitration concluded, Barba and her husband received a phone call from a number associated with Mohazzabi. Mohazzabi alleges that he contacted Barba simply so he could serve her with a complaint he was filing against her in state court, but Barba and Wells Fargo viewed that phone call as the start of a pattern of harassment. As Barba would later retell it, after blocking the number associated with Mohazzabi, she and her husband received harassing hang-up calls from a blocked number, and a man they suspected was linked to Mohazzabi one day showed up at their doorstep demanding to speak with Barba and later monitored the house from the street until midnight. Soon after these events, Wells Fargo sought a workplace violence restraining order against Mohazzabi in state court. In August 2020, that court granted a temporary restraining order against Mohazzabi.

Believing that the restraining-order proceeding was marred by perjury, Mohazzabi brought this lawsuit against Wells Fargo, first in state court in May 2021 and then removed to this Court by Wells Fargo in June 2021. Mohazzabi's complaint alleges that Wells Fargo, through Barba and

counsel, fraudulently brought the restraining-order proceeding to harm him. He seeks "punitive damages as well as $180,000.00 for compensation" for "Defendant's actions for a) malice, b) oppression, c) harassment, d) elder abuse, and e) false documents." ECF No. 1-1 at 6. Mohazzabi also seeks to disqualify Wells Fargo's counsel. ECF No. 17. Wells Fargo opposes Mohazzabi's motion to disqualify, moves to strike Mohazzabi's complaint under California's anti-SLAPP statute, and moves to dismiss Mohazzabi's claims for failure to state a claim. ECF No. 16.

## II. JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1332(a).

## III. REQUESTS FOR JUDICIAL NOTICE

The Federal Rules of Evidence require a court to take judicial notice of facts "if a party requests it and the court is supplied with the necessary information" that shows the facts are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are not subject to reasonable dispute if they are "generally known within the trial court's territorial jurisdiction," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* Judicially noticeable facts include "court records from another case." *See Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1125 (C.D. Cal. 2015). Included among these materials are filings in arbitration proceedings. *See, e.g., Rachford v. Air Line Pilots Ass'n, Int'l*, 284 F. App'x 473, 475 (9th Cir. 2008), *as amended on denial of reh'g and reh'g en banc* (Aug. 11, 2008) (taking judicial notice of arbitrator's ruling).

Wells Fargo asks that the Court judicially notice fifteen exhibits, all of which arose in court or arbitration proceedings.[2] Because these documents are not subject to reasonable dispute,

---

[2] Wells Fargo requests judicial notice of the following documents: A complaint Mohazzabi filed in the Eighth District Court for Clark County, Nevada in case number A-18-782400-C on October 8, 2018 (Exhibit 1); the order compelling arbitration filed in the U.S. District Court for the District of Nevada in case number 18-cv-02137 on September 25, 2019 (Exhibit 2); the copy of the judgment filed in the U.S. District Court for the District of Nevada in case number 18-cv-02137 on September 25, 2019 (Exhibit 3); a copy of the demand for arbitration in the American Arbitration Association case number 01-19-0003-2880 filed on November 8, 2019 (Exhibit 4); a copy of the order granting the motion for summary judgment in the American Arbitration Association case number 01-19-0003-2880 filed on July 27, 2020 (Exhibit 5); a copy of the complaint against attorney Kent Larsen filed in the U.S. District Court for the District of Nevada in case number 19-

3

the Court will judicially notice each of them.

## IV. MOTION TO DISQUALIFY

### A. Legal Standard

"The district court has the duty and responsibility of supervising the conduct of attorneys who appear before it." *Erickson v. Newmar Corp.*, 87 F.3d 298, 300 (9th Cir. 1996). "District judges have an arsenal of sanctions they can impose for unethical behavior" including "the disqualification of counsel." *Id.* at 303. "Whether to disqualify counsel is a decision conveyed to the discretion of the district court." *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 814 (N.D. Cal. 2004). "Because disqualification is a drastic measure, it is generally disfavored and should only be imposed when absolutely necessary." *Id.* "The moving party [thus] carries a heavy burden and must satisfy a high standard of proof." *Kelly v. Roker*, No. C 11-05822 JSW, 2012 WL 851558, at *2 (N.D. Cal. Mar. 13, 2012). When it comes to pro se motions, however, the Ninth Circuit has emphasized that they are to be construed "liberally." *United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

### B. Discussion

An attorney is "an officer of the court" who "has a duty of good faith and candor in dealing with the judiciary." *United States v. Associated Convalescent Enterprises, Inc.*, 766 F.2d 1342,

---

cv-02158 on December 16, 2019 (Exhibit 6); a copy of the transcript filed on December 14, 2020 and the order entered on November 13, 2020 in the U.S. District Court for the District of Nevada in case number 19-cv-02158 (Exhibit 7); a copy of the complaint against Lorena Barba filed on July 22, 2020 in the Los Angeles Superior Court in case number 20PSCP00194 (Exhibit 8); a copy of the temporary restraining order filed on August 14, 2020 in the Los Angeles Superior Court in case number 20PSR000945 (Exhibit 9); a copy of the order sustaining Barba's demurrer filed on December 2, 2020 in the Los Angeles Superior Court case number 20PSCP00194 (Exhibit 10); a copy of the request for dismissal filed on January 11, 2021 in the Los Angeles Superior Court case number 20PSCP00194 (Exhibit 11); a copy of the complaint against arbitrator Gilda Turitz filed on October 13, 2020 in the San Mateo County Superior Court in case number 20CIV04463 (Exhibit 12); a copy of the order sustaining Turitz' demurrer filed on March 3, 2021 in the San Mateo County Superior Court in case number 20CIV04463 (Exhibit 13); a copy of the complaint against Severson & Werson and Benjamin Howard filed on March 10, 2021 in the San Francisco County Superior Court in case number GCG-21-590251 (Exhibit 14); and a copy of the order sustaining Severson & Werson and Benjamin Howard's demurrer and granting the motion to strike filed on May 28, 2021 in the San Francisco County Superior Court in case number GCG-21-590251 (Exhibit 15). *See* ECF No. 16-3, 2-135.

4

1346 (9th Cir. 1985). Attorneys appearing in the Northern District of California must "comply with the standards of professional conduct required of members of the State Bar of California." N.D. Cal. Local Rule 11-4(a)(1). Under California Rule of Professional Conduct 3.3(a)(1), "a lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."[3]

Mohazzabi seeks to disqualify Wells Fargo's counsel, Severson & Werson, and its attorneys Benjamin Howard and Mark Wraight from this lawsuit. Mohazzabi argues that Howard and Wraight made false statements in violation of Rule 3.3: Howard "in his memorandum," *see* ECF No. 17 at 4, and Wright when he filed a declaration supporting the workplace violence restraining order Wells Fargo sought and obtained against Mohazzabi in August 2020.

The Court rejects Mohazzabi's attempts to disqualify Howard and Wraight. Beginning with Mohazzabi's motion to disqualify Howard, Mohazzabi simply proclaims that Howard violated his Rule 3.3 obligations "in his memorandum." *See* ECF No. 17 at 4. The Court assumes Mohazzabi is referring to Wells Fargo's motion to strike – written and signed by Howard – but finds that Mohazzabi has not identified any false statement of law or fact on which the Court could base an order of disqualification. *E.g., Pate v. Ameriquest Mortg. Co.*, No. SA-CV-12464-DOC(MLGX), 2012 WL 12950618, at *2 (C.D. Cal. May 31, 2012) (denying motion to disqualify because there was "no evidence suggesting that Defendant's Counsel knowingly misrepresented [a] fact to the Court").

Turning next to Mohazzabi's motion to disqualify Wraight, Mohazzabi argues that Wraight knowingly made false statements to the Los Angeles Superior Court when he submitted a declaration in the restraining order action. Wraight's declaration stated, "I am informed and believe that on or about July 29, 2020 – two days after the arbitration ended in favor of Wells

---

[3] Mohazzabi also cites Section 6068(d) of California's Business and Professions Code for the same principle as Rule 3.3. ECF No. 17 at 3-4; *see* Cal Bus. & Prof. Code § 6068(d) ("It is the duty of an attorney to . . . never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law."). California courts have routinely treated these provisions synonymously. *See e.g.*, *Levine v. Berschneider*, 56 Cal. App. 5th 916, 921 (2020); *Xanadu Mar. Tr. v. Meyer*, 21 F. Supp. 2d 1104, 1106 n.2 (N.D. Cal. 1998); *United States v. Vega-Soto*, No. 06CR1241-DMS, 2008 WL 11423858, at *6 (S.D. Cal. July 7, 2008).

1  Fargo – Ms. Barba and her husband received multiple harassing phone calls from someone calling
2  from the (XXX) XXX-0757 phone number." ECF No. 20-1 at 6 (emphasis added). Mohazzabi
3  argues that the call log he provides to the Court shows that he made a *single* outgoing call to
4  Barba's work number on July 29, 2020, contradicting Wraight's statement that he made "multiple
5  harassing phone calls." ECF No. 17 at 7; ECF No. 20-1 at 6.

6        The Court rejects Mohazzabi's argument. For one, Mohazzabi's evidence does not show
7  falsity. Wraight's declaration indicated that Barba and her husband received harassing calls from
8  Mohazzabi's phone number, and that is based on Barba's statement that she and her husband
9  received "multiple harassing calls on [their] personal cell phones." *See* ECF No. 20-1 at 6; ECF
10 No. 20 at 4-5; ECF No. 1-1 at 3. Because Mohazzabi's call log obscures calls made to other
11 phone numbers, that he made one call to Barba's work number does not mean that he could not
12 have made calls to Barba's other numbers. For another, even assuming that the call log
13 Mohazzabi submits conclusively shows he made only one call rather than "multiple" calls to
14 Barba and her husband, there is no evidence that Wraight knew that his declaration was false at the
15 time he submitted it. At worst, Mohazzabi's call log creates a dispute in the evidence. That is not
16 a basis for disqualification. *See* Cal. R. Prof. Conduct 3.3(a)(1) (prohibiting a lawyer from
17 "*knowingly* mak[ing] a false statement of fact or law to a tribunal").

18       Although the Court reads Mohazzabi's allegations liberally, as it must, the Court finds that
19 Mohazzabi has not met the "high standard of proof" required to justify disqualification. *See Kelly*,
20 2012 WL 851558, at *2. The Court therefore denies Mohazzabi's motion to disqualify Severson
21 & Werson and its attorneys, Mark Wraight and Benjamin Howard.

22 **V.     MOTION TO STRIKE**
23     **A.     Legal Standard**
24       "California law provides for the pre-trial dismissal of certain actions, known as Strategic
25 Lawsuits Against Public Participation, or SLAPPs, that 'masquerade as ordinary lawsuits' but are
26 intended to deter ordinary people 'from exercising their political or legal rights or to punish them
27 for doing so.'" *Makaeff v. Trump Univ.*, LLC, 715 F.3d 254, 261 (9th Cir. 2013) (quoting *Batzel
28 v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003)). "The Ninth Circuit has held that this provision

6

1  may be applied to state law claims that are asserted in federal court." *Robinson v. Alameda*
2  *County*, 875 F. Supp. 2d 1029, 1047 (N.D. Cal. 2012) (citing *U.S. ex rel. Newsham v. Lockheed*
3  *Missiles and Space, Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999)).
4        The analysis of an anti-SLAPP motion is a two-step process. The defendant must first
5  show that the claim against it arose from "an act in furtherance of a person's right of petition or
6  free speech." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001). Qualifying acts
7  include "any written or oral statement or writing made before a . . . judicial proceeding," "any
8  written or oral statement or writing made in connection with an issue under consideration or
9  review by a . . . judicial body," and "any other conduct in furtherance of the exercise of the . . .
10  right of petition." Cal. Civ. Proc. Code § 425.16(e). The plaintiff is "then charged with the
11  burden of establishing, by competent and admissible evidence, a probability of prevailing on his or
12  her claims at trial." *See Robinson*, 875 F. Supp. 2d at 1048. Put another way, the plaintiff "must
13  demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie
14  showing of facts to sustain a favorable judgment" if the evidence submitted by him is credited. *Id.*
15  (quoting *Wilson v. Parker*, 28 Cal. 4th 811, 821 (2002)). An anti-SLAPP motion that
16  "challenge[s] the legal sufficiency of [a] complaint[]" is analyzed under Rule 12(b)(6). *Herring*
17  *Networks, Inc. v. Maddow*, 8 F.4th 1148, 1156 (9th Cir. 2021) (citation omitted). As with all pro
18  se filings, the Court has a duty to liberally construe a pro se complaint. *Qazi*, 975 F.3d 989 at 993.

19      **B.**    **Discussion**
20            **1.**    **SLAPP Claims**

21        Wells Fargo brings an anti-SLAPP motion against Mohazzabi, arguing that "[t]he crux of
22  [his] claim appears to be that Wells Fargo – through its counsel and employee – filed false
23  declarations and/or made false testimony in support of the workplace violence restraining order
24  issued against" him. ECF No. 16 at 10-11. Wells Fargo argues that Wells Fargo's declarations
25  fall within the scope of the speech the anti-SLAPP statute protects because "all pleadings,
26  statements, and writings 'in connection with' civil litigation are covered and protected by the anti-
27  SLAPP statute." *Id.* at 11 (citing *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th
28  1106, 1123 (1999)). In response, Mohazzabi simply argues that anti-SLAPP motions are "[b]arred

1  in [f]ederal [c]ourt." ECF No. 19 at 5.

2  The Court begins by rejecting Mohazzabi's threshold argument. The Ninth Circuit has
3  made clear that "[m]otions to strike a state law claim under California's anti-SLAPP statute may
4  be brought in federal court." *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir.
5  2003) (citing *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963,
6  970-73 (9th Cir. 1999)). In the face of this clear precedent, Mohazzabi's citation to Second
7  Circuit authority is unavailing.

8  The Court now turns to the claims in the complaint to decide whether they are subject to
9  the anti-SLAPP statute. The anti-SLAPP law provides that a "written or oral statement or writing
10  made before a . . . judicial proceeding" and "any other conduct in furtherance of the exercise of the
11  constitutional right of petition" are protected. Cal. Civ. Proc. Code § 425.16(e)(1). This language
12  is intended to be "construed broadly." *Terry v. Davis Cmty. Church*, 131 Cal. App. 4th 1534,
13  1546 (2005). California courts have thus held that "statements made in the course of litigation"
14  which "occur[ed] in connection with an issue under consideration or review in the proceeding,"
15  *Robles v. Chalilpoyil*, 181 Cal. App. 4th 566, 575 (2010), fall within the ambit of the anti-SLAPP
16  statute.

17  The central thrust of Mohazzabi's claims appears to be that Wells Fargo, through its
18  counsel and employee, lied in the arbitration and the restraining-order proceeding to harm him.
19  Mohazzabi's complaint seeks compensation for "a) malice b) oppression c) harassment, d) elder
20  abuse, and e) false documents." ECF No. 1-1 at 6. The Court reads Mohazzabi's complaint as
21  bringing claims for fraud in the arbitration proceeding, fraud in the restraining-order proceeding,
22  and malicious prosecution.[4] The claim for fraud in the arbitration proceeding is not subject to the
23  anti-SLAPP statute because it arises from the arbitration proceeding and an arbitration proceeding

---

[4] Mohazzabi's complaint also repeatedly gestures towards claims of "perjury" and "elder abuse." California law is clear that "[t]here is no civil cause of action for 'perjury.'" *Pollock v. Univ. of S. California*, 112 Cal. App. 4th 1416, 1429 (2003). As for Mohazzabi's elder abuse claim, the Court cannot discern from his complaint a plausible claim for elder abuse under California law. *See* CACI Nos. 3100, *et seq.* In any event, the label on Mohazzabi's claims does not affect the Court's anti-SLAPP analysis, so for purposes of this order the Court treats this claim as a malicious prosecution claim only.

8

1  "is not a judicial proceeding under" the anti-SLAPP statute. *Zhang v. Jenevein*, 31 Cal. App. 5th
2  585, 593 (2019). The claims for fraud in the restraining-order proceeding and malicious
3  prosecution, however, all arise from statements made during litigation: alleged falsehoods about
4  Mohazzabi's conduct that Wells Fargo, through its counsel, stated during the restraining-order
5  proceeding. They are thus subject to the anti-SLAPP statute.

Because Mohazzabi's claims for malicious prosecution and fraud in the restraining-order proceeding are subject to the anti-SLAPP statute, he can save them from dismissal only if he can "establish a reasonable probability that [he] will prevail on [these] claim[s]." *Makaeff*, 715 F.3d 254 at 261. Mohazzabi cannot make this showing. First, Mohazzabi cannot succeed on his malicious prosecution claim because the restraining-order proceeding concluded *against* him, and it is hornbook law that a plaintiff may only maintain a malicious prosecution claim if a proceeding ends in his favor. *See Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006). Second, Mohazzabi cannot succeed on his fraud claim because it is an effort to challenge the restraining-order proceeding. Under California law, however, "[f]raud is intrinsic and not a valid ground for setting aside a judgment when the party has been given notice of the action and has had an opportunity to present his case and to protect himself from any mistake or fraud of his adversary, but has unreasonably neglected to do so." *In re Marriage of Melton*, 28 Cal. App. 4th 931, 937-38 (1994). Mohazzabi had his chance to (and did) raise the fraud argument in the restraining-order proceeding in state court. His fraud claim is thus intrinsic and "not a valid ground" for setting aside that judgment in this Court. *Id.* Thus, Mohazzabi cannot show a reasonable probability that he will prevail on this claim.

For these reasons, the Court holds that Mohazzabi's claims of malicious prosecution and fraud in the restraining order proceeding are barred by California's anti-SLAPP law.

## VI.   MOTION TO DISMISS

### 1.   Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Federal Rule of Civil Procedure 12(b)(6) "is appropriate only where the complaint lacks a cognizable legal theory or

9

sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint need not contain detailed factual allegations, but facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotations and citations omitted). In determining whether a plaintiff has met this plausibility standard, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

"It is an entrenched principle that pro se filings 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Qazi*, 975 F.3d at 992-93 (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam)). Courts have a duty to "construe pro se pleadings liberally" and to afford a pro se plaintiff the "benefit of any doubt." *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### 2.   Discussion

Mohazzabi's remaining claim – fraud in the arbitration – arises from the arbitration he lost against Wells Fargo in 2020. Specifically, he alleges that the declaration Barba submitted during the arbitration was false and that she submitted fraudulent evidence. Wells Fargo argues that this claim should be dismissed because it stems from statements made during an arbitration proceeding, which falls within the protection of the litigation privilege. And to the extent Mohazzabi's claim is an effort to set aside the arbitration judgment, Wells Fargo argues that such a collateral attack is improper.

10

1    With exceptions not relevant here, the litigation privilege absolutely immunizes defendants
2    from tort liability for statements made during litigation. *Silberg v. Anderson*, 50 Cal. 3d 205, 213,
3    215 (1990). That absolute immunity reflects the aim of the litigation privilege to protect the
4    integrity of judicial proceedings "by encouraging 'open channels of communication and the
5    presentation of evidence' in judicial proceedings." *Id.* (citation omitted). And it extends "not only
6    to court proceedings, but also to those 'quasi-judicial' proceedings, such as private arbitration
7    proceedings, that are functionally equivalent to court proceedings." *Moore v. Conliffe*, 7 Cal.4th
8    634, 645 (1994). Mohazzabi therefore cannot use Barba's declaration to advance his fraud claim.
9    To the extent Mohazzabi's allegation of fraud is intended as a collateral attack on the outcome of
10   the arbitration proceeding, it fails for the same reason as his claim of fraud in the restraining-order
11   proceeding: under California law, "[f]raud is intrinsic and not a valid ground for setting aside a
12   judgment when the party has been given notice of the action and has had an opportunity to present
13   his case and to protect himself from any mistake or fraud of his adversary, but has unreasonably
14   neglected to do so." *In re Marriage of Melton*, 28 Cal. App. 4th at 937-38. Mohazzabi had his
15   chance to (and did) raise the fraud argument in the arbitration proceeding. His fraud claim is thus
16   intrinsic and "not a valid ground" for setting aside that judgment in this Court. *Id.*
17   Because the litigation privilege absolutely immunizes Wells Fargo from tort liability for
18   Barba's statements and because Mohazzabi cannot invoke fraud to set aside the outcome in the
19   arbitration proceeding, the Court dismisses Mohazzabi's fraud claim with prejudice.

20   **VII.   FEE AWARD**

21   A party who brings a successful anti-SLAPP motion has a right to recover reasonable
22   attorney's fees and costs. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001); Cal. Civ. Proc. Code
23   § 425.16(c); *Lunada Biomedical v. Nunez*, 230 Cal. App. 4th 459, 488 (2014). Anti-SLAPP fee
24   awards include services for all proceedings "directly related" to the special motion to strike, as
25   well as fees for "addressing matters with factual or legal issues that are 'inextricably intertwined'
26   with those issues raised in an anti-SLAPP motion." *Henry v. Bank of Am. Corp.*, No. CV-09-0628
27   RS, 2010 WL 3324890, at *4 (N.D. Cal. Aug. 23, 2010) (citation omitted). "Claims are related if
28   they involve a common core of facts or are based on related legal theories." *Dubose v. Cty. of Los*

*Angeles*, No. CV 09-7832 CAS AJWX, 2012 WL 2135293, at *4 (C.D. Cal. June 11, 2012); *see VACC, Inc. v. Davis*, No. 18-CV-03454-JCS, 2019 WL 1460201, at *12 (N.D. Cal. Apr. 2, 2019), *aff'd*, 823 F. App'x 474 (9th Cir. 2020) (awarding defendant's fees and costs incurred for his special motion to strike and related motion to dismiss). But work that is "performed on federal claims is not compensable." *Fallay v. San Francisco City & Cty.*, No. C 08-2261 CRB, 2016 WL 879632, at *3 (N.D. Cal. Mar. 8, 2016).

The Court finds that Wells Fargo is entitled to attorney's fees and costs for bringing the anti-SLAPP motion and the related motion to dismiss because the work on the motion to dismiss is "directly related" to the anti-SLAPP motion and "address[es] matters with factual or legal issues that are 'inextricably intertwined' with those issues raised in an anti-SLAPP motion." *Henry*, No. CV-09-0628-RS, 2010 WL 3324890, at *4 (citation omitted). "They 'involve[d] a common core of facts' and were 'based on related legal theories.' In such cases, '[m]uch of counsel's time will be devoted generally to the litigation as a whole . . . . Such a lawsuit cannot be viewed as a series of discrete claims.'" *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 435 (1983)).

Wells Fargo's counsel states that he spent $402 on a removal fee, 42.2 hours at $226 per hour researching and drafting the motion to strike and motion to dismiss, and that he "anticipate[s] spending at least 5.0 more hours reviewing Plaintiff's opposition, preparing a reply brief, and preparing for and attending the hearing on the motion." ECF No. 16-2 ¶ 2. Wells Fargo thus seeks $10,667.20 in attorney's fees and $402 for the removal fee, for a total of $11,069.20. The Court finds that Wells Fargo's fee request is reasonable and directs Mohazzabi to tender $11,069.20 to Wells Fargo's counsel, Severson & Werson, by March 31, 2022.

## CONCLUSION

For the reasons set forth above, Wells Fargo's anti-SLAPP motion is granted and Wells Fargo's motion to dismiss is granted. Mohazzabi's motion for disqualification of counsel is denied. The Court strikes Mohazzabi's claims of malicious prosecution and fraud in the restraining-order proceeding. The Court dismisses Mohazzabi's claims of fraud in the arbitration. Because amendment would be futile, those claims are dismissed with prejudice. By March 31,

1   2022, Mohazzabi shall pay $11,069.20 to Wells Fargo's counsel.  The Clerk shall close the file.

2   **IT IS SO ORDERED.**

3   Dated:  February 28, 2022



JON S. TIGAR
United States District Judge